## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NetEffect, Inc.,[1] | ) Case No. 08-12008 (KJC) |
| | ) |
| Debtor. | ) |
| | ) |

**Related Docket No.: 298**

## ORDER CONFIRMING CONFIRMATION OF PLAN OF LIQUIDATION OF NETEFFECT, INC. UNDER CHAPTER 11 OF THE BANKRUPTCY CODE[2]

A hearing was held before this Court on May 12, 2009 (the "Confirmation Hearing"), to consider confirmation of the *Plan of Liquidation of NetEffect, Inc. Under Chapter 11 of the Bankruptcy Code* (the "Plan") filed by NetEffect, Inc., the above-captioned debtor and debtor in possession (the "Debtor"). The final version of the Plan is attached hereto as Exhibit A.[3] The Court has reviewed the Plan, the Disclosure Statement, and other matters submitted in support of confirmation of the Plan.

The Court has examined the record compiled in the Chapter 11 Case, and has considered, among other things: (i) the *Memorandum of Law in Support of Confirmation of Plan of Liquidation of NetEffect, Inc. Under Chapter 11 of the Bankruptcy Code* (the "Memorandum"); (ii) the *Declaration of Daniel C. McElhinney of Epiq Systems Bankruptcy Solutions, LLC Certifying the Ballots Accepting or Rejecting the Plan of Liquidation of NetEffect, Inc., Under Chapter 11 of the Bankruptcy Code* (the "Voting Declaration"); (iii) the

---

[1] Debtor's EIN: XX-XXX8071; Debtor's former corporate address: 9211 Waterford Centre Blvd, Austin, TX 78758.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

[3] The final version of the Plan has certain changes thereto that resolved the objection of the United States Trustee to the Plan.

*Declaration and Statement of Robert Senders in Support of Plan of Liquidation of NetEffect, Inc. Under Chapter 11 of the Bankruptcy Code* (the "Senders Declaration"); and (iv) the offers of proof, evidence admitted and the arguments and representations of counsel at the Confirmation Hearing. Based upon the foregoing, and after due deliberation and sufficient cause appearing therefor:

IT IS HEREBY FOUND, DETERMINED, ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:

## Findings of Fact and Conclusions of Law

A.    Findings and Conclusions. The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    Jurisdiction and Venue. This Court has jurisdiction over the Chapter 11 Case and confirmation of the Plan pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O) and this Court has jurisdiction to enter a final order with respect thereto. The Debtor is eligible to be a debtor under section 109 of the Bankruptcy Code. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    Judicial Notice. The Court takes judicial notice of the docket of the Debtor's Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all

pleadings and other documents filed, all orders entered, and the transcripts of, and all evidence and arguments made, proffered or adduced at, the hearings held before the Court during the pendency of the Chapter 11 Case.

D.    Solicitation and Notice.  On December 19, 2008, the Court entered its *Order (I) Approving Disclosure Statement in Support of the Plan of Liquidation of NetEffect, Inc., and (II) Approving Voting Procedures* [Docket No. 292] (the "Solicitation Procedures Order").  The Solicitation Procedures Order, among other things, approved the *Disclosure Statement for Plan of Liquidation of NetEffect, Inc. Under Chapter 11 of the Bankruptcy Code* [Docket No. 259] (the "Disclosure Statement") as containing "adequate information" of a kind and in sufficient detail to enable hypothetical, reasonable investors typical of the Debtor's creditors to make an informed judgment whether to accept or reject the Plan.

Pursuant to the Solicitation Procedures Order, the Court required the Debtor to distribute Solicitation Packages to:  (a) all known Holders of Claims against the Debtor as of the Voting Record Date who are entitled to vote on the Plan (i.e., Classes 1, 2, 3 and 4); (b) the United States Trustee; and (c) the Securities Exchange Commission.  The Solicitation Packages consisted of:  (1) the Disclosure Statement (including schedules and exhibits thereto); (2) the Plan (including schedules and exhibits thereto); (3) appropriate Ballot(s) and voting instructions; (4) the Confirmation Hearing Notice; (5) any supplemental solicitation materials filed with the Court; and (6) any other materials ordered by the Court to be included as part of the Solicitation Package.

The Solicitation Packages were served in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order.  As described in the Solicitation

Procedures Order, and as evidenced by the Voting Declaration, the certificates of service and affidavit of publication filed in connection therewith, (i) the service of the Solicitation Packages was adequate and sufficient under the circumstances of this Chapter 11 Case and (ii) adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings, and matters described in the Solicitation Procedures Order was timely provided in compliance with the Bankruptcy Code and Bankruptcy Rules, and provided due process and an opportunity to appear and be heard to all parties in interest.

E. Voting. The Solicitation Procedures Order fixed April 27, 2009, as the Voting Deadline. The Debtor (through its designated Claims Agent) has tabulated the Ballots accepting and rejecting the Plan in the Voting Declaration. As set forth in the Voting Declaration, the Debtor has satisfied the ballot tabulation procedures set forth in the Solicitation Procedures Order and properly tabulated the Ballots received in connection with the Plan.

As set forth in the Voting Declaration, the Plan has been accepted, within the meaning of section 1126(c) of the Bankruptcy Code, by each Class of impaired Claims entitled to vote on the Plan: Classes 1, 2, 3 and 4. Class 5 (Equity Interests) was deemed to have rejected the Plan.

F. Burden of Proof. The Debtor has met its burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of the evidence, which is the applicable standard.

### Compliance with the Requirements of Section 1129 of the Bankruptcy Code

G. Plan Compliance – Section 1129(a)(1). The Plan complies with all applicable provisions of the Bankruptcy Code. The Plan designates four (4) separate Classes of

Claims and one (1) Class of Equity Interests. The Plan adequately and properly classifies all Claims and Equity Interests required to be classified and thus satisfies the requirements of sections 1122 and 1123(a)(1) of the Bankruptcy Code. Under the Plan, each Class of Claims is impaired. The Plan adequately specifies the treatment of each impaired Class of Claims and the Class of Equity Interests and thus satisfies the requirements of section 1123(a)(3) of the Bankruptcy Code. The Plan provides the same treatment for each Claim in a particular Class, unless the holder of a particular Claim agrees to less favorable treatment of such Claim. The Plan thus satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code. No election for application of section 1111(b)(2) of the Bankruptcy Code by any Class of secured creditors was made under Bankruptcy Rule 3014. Article IV, Article VII and other provisions of the Plan provide adequate means for implementation of the Plan. The Debtor has sufficient Cash available to make all Distributions pursuant to the terms of the Plan. In particular, the Debtor has sufficient Cash to pay, in full, all Administrative Claims, Priority Tax Claims, Priority Claims, and Secured Claims (to the extent of the secured party's interest in its collateral), make *pro rata* distributions on account of Allowed Class 4 General Unsecured Claims and to establish appropriate reserves for Disputed Claims. The Plan thus satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code. Section 1123(a)(6) of the Bankruptcy Code is satisfied because the Plan provides that upon the Effective Date, all Equity Interest will be cancelled and the Debtor shall issue the New Common Stock to the Responsible Officer to be held for the benefit of Holders of Allowed Unsecured Claims. The Plan contains other provisions for implementation that are reasonable and otherwise consistent with sections 1123(a)(7) and 1123(b) of the Bankruptcy Code.

H.    <u>Proponent Compliance – Section 1129(a)(2)</u>. The Debtor, as the proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules. The Debtor solicited acceptances of the Plan in accordance with the requirements of the Solicitation Procedures Order, and not otherwise. The Ballots of Holders of Claims entitled to vote on the Plan were properly solicited and tabulated. The Debtor has further complied with all the provisions of the Bankruptcy Code and the Bankruptcy Rules governing notice of the Confirmation Hearing, approval of the Disclosure Statement and all other matters considered by the Court in the Chapter 11 Case. The record in the Chapter 11 Case further discloses that the Debtor has attempted in good faith to comply with the orders of the Court entered during the pendency of the case and that the Debtor has not violated any such orders.

I.    <u>Good Faith – Section 1129(a)(3)</u>. The Plan has been proposed in good faith by the Debtor, and not by any means forbidden by law. No person has filed a valid objection to confirmation of the Plan on the grounds that the Plan was not proposed in good faith or by any means forbidden by law. Accordingly, pursuant to Bankruptcy Rule 3020(b)(2), the Court may determine compliance with section 1129(a)(3) of the Bankruptcy Code without receiving evidence on such issues. The Court has examined the totality of the circumstances surrounding the formulation of the Plan and the evidence submitted in connection with the Confirmation Hearing. The Plan has been accepted by the requisite Holders of Claims in all Classes entitled to vote on the Plan and such acceptance evidences the informed judgment of Creditors that the Plan is in their best interests. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate and to effectuate a distribution of such value to Creditors. The Plan was negotiated in good faith and at arms' length. Therefore,

the Plan has been proposed in good faith, as such term is used in sections 1129(a)(3) and 363(m) of the Bankruptcy Code.

J.      Plan Payments – Section 1129(a)(4). All amounts to be paid by the Debtor for services or expenses in the Chapter 11 Case have either been fully disclosed and approved as reasonable or, pursuant to the terms of the Plan, will be disclosed and subject to the approval of the Bankruptcy Court following Confirmation of the Plan. All expenses of the Liquidating Debtor incurred after the Effective Date (including the fees and expenses of professionals and the Responsible Officer doing work for the Liquidating Debtor after the Effective Date) may be paid by the Liquidating Debtor pursuant to the terms of the Plan. Accordingly, the Plan satisfies the requirements of section 1129(a)(4) of the Bankruptcy Code.

K.      Officer Affiliations – Section 1129(a)(5). The Plan provides for the appointment of Robert Senders, or any validly selected successor by the Liquidating Debtor, to be retained as of the Effective Date, to oversee the Responsible Officer pursuant to the terms of the Plan. The selection and disclosure of Mr. Senders as the Responsible Officer satisfies the requirements of section 1129(a)(5) of the Bankruptcy Code.

L.      Rates – Section 1129(a)(6). There are no rates applicable to the Debtor over which any governmental regulatory commission will have jurisdiction after confirmation of the Plan.

M.      Best Interests – Section 1129(a)(7). As set forth in the Disclosure Statement and Memorandum, each holder of an Allowed Claim will receive under the Plan property of a value not less than the amount such holder would receive if the Debtor were liquidated under chapter 7 of the Bankruptcy Code. A conversion of the Chapter 11 Case to

chapter 7 would likely be accompanied by a decrease in the amount of recovery that Creditors would receive on account of their claims as a result of the commissions and additional administrative fees and expenses that would be incurred during a chapter 7 case. Thus, the Plan provides a superior recovery to Creditors than conversion of the Chapter 11 Case to chapter 7, and, accordingly, confirmation of the Plan is in the best interests of creditors under section 1129(a)(7) of the Bankruptcy Code.

N.     Acceptance / Cramdown – Sections 1129(a)(8) and 1129(b). All Holders of impaired Claims under the Plan have been given adequate opportunity to vote to accept or reject the Plan. As set forth above, the Plan has been accepted by Classes 1, 2 and 4. Under the Plan, each claimant within Class 3 constitutes a separate subclass. No Class 3 Claimants voted on the Plan. No voting Class voted to reject the Plan. However, inasmuch as Class 5 (Equity Interests) is deemed to have rejected the Plan by operation of law, the Debtor has technically not satisfied the requirements of section 1129(a)(8) of the Bankruptcy Code requiring "acceptance" by all impaired classes.

Nonetheless, the Plan may be confirmed in this case notwithstanding the deemed rejection of the Plan by the Class 5 Claimants because the Debtor satisfies the "cram down" requirements of section 1129(b) of the Bankruptcy Code. Section 1129(b) requires that a plan must not discriminate unfairly and must be fair and equitable as to each class of claims or interests that is impaired under, and has not accepted, the plan. As set forth below, the Plan satisfies these requirements.

Class 5 consists of Equity Interests. The Plan does not discriminate unfairly against Class 5 Equity Interests because there is insufficient value in the Debtor's estate to

satisfy various Classes of Claims that are senior to the Equity Interests, and no senior Creditor is being paid more than the full amount of the Allowed Claim. The Plan is also fair and equitable as to Class 5 Claimants, because the Holders of Claims that are junior to Class 5 Equity Interests will not receive or retain under the Plan on account of such junior Claim any property. Because the Debtor is clearly insolvent, no recovery for Class 5 Equity Interests is warranted.

O. <u>Administrative Expenses/Priority Claims--Section 1129(a)(9)</u>. With respect to Administrative Claims, the Plan Provides that Each Holder of an Allowed Administrative Claim shall receive, Cash equal to the Allowed amount of such Claim, unless such Holder shall have agreed to different treatment of such Claim, at the sole option of the Debtor or the Liquidating Debtor, as the case may be: (a) on or as soon as practicable after the later of (i) the Effective Date, or (ii) the date upon which the Bankruptcy Court enters a Final Order determining or approving such Claim; (b) in accordance with the terms and conditions of agreements between the Holders of such Claims and the Debtor or the Liquidating Debtor, as the case may be; or (c) with respect to Administrative Claims representing obligations incurred in the ordinary course of the Debtor's business, upon such regular and customary payment or performance terms as may exist in the ordinary course of the Debtor's business or as otherwise provided in the Plan.

With respect to Professional Fee Claims, the Plan provides that Professionals requesting compensation or reimbursement of expenses pursuant to sections 327, 328, 330, 331, 503(b) and 1103 of the Bankruptcy Code for services rendered prior to the Effective Date must File and serve pursuant to the notice provisions of the Interim Fee Order, an application for final allowance of compensation and reimbursement of expenses no later than sixty (60) days after the

Effective Date. All such applications for final allowance of compensation and reimbursement of expenses will be subject to the authorization and approval of the Bankruptcy Court.

With respect to Priority Tax Claims, the Plan provides that on the later to occur of (i) the Effective Date or (ii) the date on which such Claim shall become an Allowed Claim, the Liquidating Debtor shall pay to each Holder of an Allowed Priority Tax Claim the Allowed amount of such Allowed Priority Tax Claim, without interest from the Petition Date.

With respect to Priority Claims, the Plan provides that the Liquidating Debtor shall pay the Allowed Amount of each Class 1 Priority Claim to Each Entity holding a Class 1 Priority Claim as soon as practicable following the later of: (a) the Effective Date or as soon as practicable thereafter, and (b) the date such Class 1 Priority Claim becomes an Allowed Claim (or as otherwise permitted by law). The Plan further provides that the Liquidating Debtor shall pay each Entity holding a Class 1 Priority Claim in Cash in full in respect of such Allowed Claim without interest from the Petition Date; provided, however, that such Entity may be treated on such less favorable terms as may be agreed to in writing by such Entity.

P.  Impaired Class Acceptances – Section 1129(a)(10). All Classes of Claims are impaired under the Plan, and, as reflected in the Voting Declaration and Senders Declaration, the Plan has been accepted by at least one impaired Class without counting the votes of any insider.

Q.  Feasibility – Section 1129(a)(11). The Plan complies with section 1129(a)(11) of the Bankruptcy Code because there is sufficient Cash to satisfy all Allowed Claims pursuant to the terms of the Plan and the Debtor's and/or Liquidating Debtor's costs, expenses and obligations under the Plan.

R.      Fees Payable Under 28 U.S.C. § 1930 – Section 1129(a)(12). Article XIII of the Plan provides for the payment of statutory fees due pursuant to 28 U.S.C. § 1930(a)(6), until the entry of a final decree or an order converting or dismissing the case.

S.      Retiree Benefits – Section 1129(a)(13). The Debtor is not obligated to provide "retiree benefits" within the meaning of section 1114(a) of the Bankruptcy Code.

T.      No Domestic Support Obligations – Section 1129(a)(14). The Debtor is not required by a judicial or administrative order, or by statute, to pay domestic support obligations. Accordingly, section 1129(d)(14) of the Bankruptcy Code is inapplicable to this Chapter 11 Case.

U.      Debtor is Not an Individual – Section 1129(a)(15). The Debtor is not an individual, and accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable to this Chapter 11 Case.

V.      No Applicable Nonbankruptcy Law Regarding Transfers – Section 1129(a)(16). The transfers under the Plan comply with applicable nonbankruptcy law, and the Plan therefore satisfies the requirements of section 1129(a)(16).

W.      Only One Plan – Section 1129(c). The Plan is the only plan filed in this Chapter 11 Case, and accordingly, section 1129(c) of the Bankruptcy Code is inapplicable to this Chapter 11 Case.

X.      Principal Purpose of the Plan – Section 1129(d). The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, thereby satisfying the requirements of section 1129(d) of the Bankruptcy Code.

Y.    Good Faith Solicitation – Section 1125(e). Based on the record before the

Court in this Chapter 11 Case, (i) the Debtor is deemed to have solicited acceptances of the Plan

in good faith and in compliance with the applicable provisions of the Bankruptcy Code,

including, without limitation, sections 1125(c) and (e) of the Bankruptcy Code, and any

applicable non-bankruptcy law, rule or regulation governing the adequacy of disclosure in

connection with such solicitation and (ii) the Debtor, and all of its respective officers, members,

directors, managers, employees, agents, advisers, accountants, attorneys, and representatives

shall be deemed to have participated in good faith and in compliance with the applicable

provisions of the Bankruptcy Code in the solicitation of the Plan and are entitled to the

protections afforded by section 1125(e) of the Bankruptcy Code and the Limitation of Liability

set forth in Article VII.A of the Plan.

Z.    Satisfaction of Confirmation Requirements. Based upon the foregoing,

the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy

Code.

AA.    Good Faith. The Debtor, and all of its respective professionals will be

acting in good faith if they proceed to (i) consummate the Plan and (ii) take the actions

authorized and directed by this Order.

BB.    Reduction of Stay Period. There is cause to shorten the 10-day

stay of effectiveness under Bankruptcy Rule 3020(e) because (1) this is an overwhelmingly

consensual Plan which has the support of the major parties in interest, (2) Creditors have had an

adequate opportunity to review any changes to the Plan, as relevant to such Creditors' claims,

and (3) Creditors are benefited by having the Effective Date occur as soon as possible so that distributions may occur as soon as practicable.

CC. Technical Modifications. This Order modifies the Plan in certain technical respects pursuant to section 1127(a) of the Bankruptcy Code. The Plan, as modified, meets the requirements of sections 1122 and 1123 of the Bankruptcy Code.

### Order Confirming Plan

Based upon the record of the Confirmation Hearing, all the proceedings held before this Court in the Chapter 11 Case, and the foregoing findings of fact and conclusions of law, **IT IS HEREBY ORDERED THAT**:

1. Confirmation. The Plan is CONFIRMED. The Debtor is authorized to (a) take such actions as may be necessary or appropriate to carry out the Plan, and (b) execute such documents and instruments as may be required to implement the Plan.

2. Objections. All parties have had a full and fair opportunity to litigate all issues raised by the Objections, or which might have been raised in objection to the Plan. Except as otherwise set forth herein, all formal and informal objections, responses, statements, and comments in opposition to the Plan are overruled, unless such objections were resolved on the record during the Confirmation Hearing, or resolved herein as set forth below:

a. Travis County. Travis County's objection to confirmation of the Plan [Docket No. 268] is resolved pursuant to agreement of the Debtor and Travis County. On April 29, 2009, Travis County filed an amended proof of claim pursuant to which it no longer asserts a secured claim against the Debtor. The Debtor has agreed to reserve $19,587.60 pending the ultimate allowance of Travis County's claim.

b. **Office of the United States Trustee ("OUST")**. The OUST's objection to confirmation of the Plan is resolved pursuant to the agreement of the Debtor and the OUST. The Debtor agreed to modify Article VII.C. of the Plan with respect to the scope of the releases started to certain parties, as set forth in paragraph 24.C of this Order.

3. **Omission of Reference to Particular Plan Provisions**. The failure to specifically describe or include any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, as the Plan is approved and confirmed in its entirety. Each provision of the Plan shall be deemed authorized and approved by this Order and shall have the same binding effect of every other provision of the Plan, whether or not mentioned in this Order. In the event of any inconsistencies between the Plan and this Order, this Order shall govern.

4. **Plan Classification Controlling**. The classification of Claims and Equity Interests for purposes of distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots tendered to or returned by the Holders of Claims in connection with voting on the Plan (a) were set forth on the Ballots solely for the purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes, (c) may not be relied upon by any creditors as representing the actual classification of such Claims under the Plan for distribution purposes, and (d) shall not be binding on the Debtor, the Liquidating Debtor or the Responsible Officer for purposes other than voting on the Plan. Any proposed re-classification of a Claim shall be subject to notice and a hearing.

5.    Distributions Under the Plan. All distributions under the Plan shall be made in accordance with Article IX of the Plan.

6.    Rejection of Remaining Executory Contracts and Unexpired Leases. Except as provided in Exhibit A to the Plan or with respect to executory contracts or unexpired leases that were (i) previously assumed or rejected by order of the Bankruptcy Court, or (ii) are the subject of a pending motion to assume or reject, pursuant to section 365 of the Bankruptcy Code, on the Effective Date, each executory contract and unexpired lease entered into by Debtor prior to the Petition Date that has not previously expired or terminated pursuant to its own terms shall be deemed rejected pursuant to section 365 of the Bankruptcy Code. This Confirmation Order shall constitute an Order of the Bankruptcy Court approving such rejections pursuant to section 365 of the Bankruptcy Code, as of the Effective Date. The non-Debtor parties to any such rejected personal property leases shall be responsible for taking all steps necessary to retrieve the personal property that is the subject of such executory contracts and leases.

7.    Bar Date for Executory Contracts and Unexpired Leases Rejected Pursuant to Confirmation Order and Plan. Each Entity that is a party to an executory contract or unexpired lease that is rejected as of the Effective Date pursuant to the Plan and this Order will be entitled to File, not later than thirty (30) days following the Effective Date, a proof of Claim for damages alleged to have been suffered due to such rejection; provided, however, that the opportunity afforded an Entity whose executory contract or unexpired lease is rejected as of the Effective Date pursuant to the Plan and this Order to file a proof of Claim shall in no way apply to Entities that may assert a Claim on account of an executory contract or unexpired lease that was previously rejected by the Debtor for which a prior bar date was established. Any Entity

that has a Claim for damages as a result of the rejection of an executory contract or unexpired lease pursuant to paragraph 6 of this Order that does not File a proof of Claim in accordance with the terms and provisions of the this Confirmation Order with the Court (and serve such proof of Claim upon the Liquidating Debtor) will be forever barred from asserting that Claim against, and such Claim shall be unenforceable against, the Debtor, its Estate, and the Responsible Officer.

8.    Insurance Policies, Ground Lease and Option.  Notwithstanding anything contained in this Order and/or the Plan to the contrary, unless specifically rejected by order of the Bankruptcy Court, all of the Debtor's rights in insurance policies and any agreements, documents, or instruments relating thereto, are continued.  Nothing in the Plan and/or this Order shall constitute or be deemed a waiver of any cause of action that the Debtor may hold against any entity, including, without limitation, the insurer, under any of the Debtor's policies of insurance.

9.    Appointment of Responsible Officer.  Notwithstanding anything to the contrary in the Plan, Robert Senders is appointed as the Responsible Officer of the Liquidating Debtor from and after the Effective Date of the Plan.  The Bankruptcy Court will have sole jurisdiction over claims and causes of action against Mr. Senders arising out of the performance of his duties, and Mr. Senders may not be sued, or have claims asserted against him in connection with such duties, in any other forum without leave of the Bankruptcy Court.  On the Effective Date, the Liquidating Debtor will be deemed to have retained the Debtor's Professionals under the arrangements existing on the Effective Date, without any need for further orders of the Bankruptcy Court.  From and after the Effective Date, the Liquidating Debtor is the

representative of the Debtor and its Estate in all respects, including, without limitation, in connection with the implementation and effectuation of the Plan.

10. Binding Effect of Plan. Pursuant to section 1141 of the Bankruptcy Code, upon the Effective Date, the provisions of the Plan shall bind the Debtor, any entity acquiring property under the Plan, and any Creditor or Interest Holder, whether or not such Creditor or Interest Holder has filed a proof of Claim or Equity Interest in the Chapter 11 Case, whether or not the Claim of such Creditor or the Interest of such Interest Holder is impaired under the Plan, and whether or not such Creditor or Interest Holder has accepted or rejected the Plan. All Claims and Debts shall be as fixed and adjusted pursuant to the Plan. With respect to any taxes of the kind specified in Bankruptcy Code section 1146(c), the Plan shall also bind any taxing authority, recorder of deeds or similar official for any county, state, or governmental unit or parish in which any instrument related to under the Plan or related to any transaction contemplated under the Plan is to be recorded with respect to any taxes of the kind specified in Bankruptcy Code section 1146(a).

11. Vesting of Assets. As of the Effective Date, all property of the Debtor shall be free and clear of all Claims and Equity Interests of Holders of Claims and Holders of Equity Interests, except as otherwise specifically provided in the Plan. As of the Effective Date, all mortgages, deeds of trust, Liens or security interests in any property of the Estate will be released and all the right, title and interest of any Holder of any such mortgages, deeds of trust, Liens or security interests shall be canceled, annulled, terminated and become null and void, except as otherwise specifically provided in the Plan. The Debtor and/or the Liquidating Debtor

shall be authorized to act as attorney-in-fact for any such Holder to cause all public records to properly reflect and effectuate this provision.

12. <u>Disputed Claims</u>. The provisions of Article IX of the Plan with respect to procedures for resolving Disputed Claims are found to be fair and reasonable and are approved.

13. <u>Litigation – Avoidance Actions / Objections</u>. Except as otherwise provided in the Plan, all Litigation is retained and preserved pursuant to section 1123(b) of the Bankruptcy Code. "Litigation" means the interest of the Estate or the Liquidating Debtor, as applicable, in any and all claims, rights and causes of action which have been or may be commenced by the Debtor, as applicable. "Litigation" includes, without limitation, any action (i) to avoid and recover any transfers of property determined to be preferential, fraudulent, or avoidable pursuant to sections 544, 545, 547, 548, 549 and 550 of the Bankruptcy Code; (ii) for the turnover of property to the Debtor, as applicable; (iii) for the recovery of property or payment of money that belongs to or can be asserted by the Debtor, as applicable; (iv) for compensation for damages incurred by the Debtor; and (v) equitable subordination actions against Creditors. From and after the Effective Date, all Litigation will be prosecuted or settled by the Liquidating Debtor. To the extent any Litigation is already pending on the Effective Date, the Responsible Officer as representative of the Debtor and its Estate will have the right and authority to continue the prosecution of such Litigation on behalf of the Debtor. Any net proceeds derived from any Litigation Recovery will be deposited in the Creditor Fund as Creditor Distributable Assets.

14. <u>Withholding and Reporting Requirements</u>. Each holder of an Allowed Claim that is to receive a distribution under the Plan shall have the sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any

governmental unit, including income, withholding, and other tax obligations, on account of such distribution. The Liquidating Debtor has the right, but not the obligation, to not make a distribution until such Holder has made arrangements satisfactory to the Liquidating Debtor for payment of any such tax obligation.

15. <u>Tax Exemption</u>. Pursuant to section 1146 of the Bankruptcy Code and Article X(L) of the Plan, the issuance, transfer or exchange of any security under or in furtherance of the Plan and the transactions contemplated or effected thereby, or the execution, delivery or recording of an instrument of transfer pursuant to, in implementation of or as contemplated or effected by the Plan, shall not be taxed under any state or local law imposing a stamp tax, transfer tax or similar tax or fee, pursuant to Bankruptcy Code section 1146(c). Consistent with the foregoing, each recorder of deeds or similar official for any county, city or governmental unit or parish in which any instrument hereunder is to be recorded shall, pursuant to this Confirmation Order, accept such instrument, without requiring the payment of any documentary stamp tax, deed stamps, stamp tax, transfer tax, intangible tax or similar tax.

16. <u>Securities Exemption</u>. Any rights issued or deemed issued pursuant to or in effecting the Plan, and the offering and issuance thereof by any party, shall be exempt from section 5 of the Securities Act of 1933, and from any state or federal securities laws requiring registration for offer or sale of a security or registration or licensing of an issuer of, underwriter of, or broker or dealer in, a security, and shall otherwise enjoy all exemptions available for distribution of securities under a plan of reorganization in accordance with all applicable law, including, without limitation, section 1145 of the Bankruptcy Code.

17.     Dissolution of the Debtor.  The Responsible Officer, in his sole discretion, is authorized to execute a certificate of dissolution for the Debtor pursuant to applicable non-bankruptcy law, pursuant to the Plan.

18.     Deadline for Filing Professional Fee Claims.  Professionals requesting compensation or reimbursement of expenses pursuant to sections 327, 328, 330, 331, 503(b) and 1103 of the Bankruptcy Code for services rendered prior to the Effective Date must File and serve pursuant to the notice provisions of the Interim Fee Order, an application for final allowance of compensation and reimbursement of expenses no later than sixty (60) days after the Effective Date.  All such applications for final allowance of compensation and reimbursement of expenses will be subject to the authorization and approval of the Bankruptcy Court.  Such final fee applications shall also be served on each of the following parties no later than sixty (60) days after the Effective Date:

| Counsel for the Debtor: | United States Trustee: |
|---|---|
| Pachulski Stang Ziehl & Jones LLP<br>919 North Market Street<br>17th Floor<br>Wilmington, DE 19899<br>Tel. 302-652-4100<br>Fax 302-652-4400<br>Attn: Laura Davis Jones, Esquire | United States Trustee<br>Office of the United States Trustee<br>J. Caleb Boggs Federal Building<br>844 North King Street, Suite 2207<br>Lockbox 35<br>Wilmington, DE 19801<br>Attn: David Klauder, Esquire |

The Debtor shall mail a copy of this Confirmation Order to all Professionals retained by the Debtor and the Committee within ten (10) business days from the date of entry of this Confirmation Order.

19.     Objections to Claims.  All objections to Claims shall be filed and served not later than 90 days following the Effective Date; provided, however, that such date may be

extended by the Bankruptcy Court for cause shown beyond 90 days upon motion (the "Extension Motion") filed by the Debtor prior to the expiration of the 90 day deadline (such deadline is deemed extended by the filing of an Extension Motion until a hearing thereon and the entry of a relevant Order of this Court in respect of such Motion). If an objection to a Disputed Claim is not timely filed or if no Extension Motion is pending by such deadline, any remaining Disputed Claims shall be deemed to be Allowed Claims for purposes of the Plan. The Debtor shall be authorized to settle, or withdraw any objections to any Disputed Claim following the Effective Date without further notice to Creditors or authorization of the Bankruptcy Court, in which event such Claim shall be deemed to be an Allowed Claim in the amount compromised for purposes of the Plan. Under no circumstances will any distributions be made on account of Disallowed Claims.

          20.   <u>Claims Reserve Account</u>. Pursuant to Article V of the Plan, on or as soon as practicable after the Effective Date, the Responsible Officer shall (a) to the extent of any Cash or, where applicable, unencumbered Cash, create and fund the following five sub-accounts: (1) Tax Account, (2) Creditor Fund, (3) Investor Secured Claim Account, (4) Administrative/Priority Claims Account, and (5) Professionals Fee Account. Each sub-account shall contain an amount of Cash deemed sufficient by the Responsible Officer for the payment of Allowed Claims in accordance with the priorities and amounts set forth in the Plan including a reserve for Disputed Claims. The Responsible Officer authorized to transfer funds among sub-accounts as necessary to replenish any sub-accounts as and when distributions are made to Creditors. All Plan administrative expenses may be deducted and paid from sub-account 2 without further order of the Bankruptcy Court. The amount funded in the aforementioned sub-accounts shall be invested

by the Responsible Officer in a manner consistent with the objectives of section 345(a) of the Bankruptcy Code and in his reasonable and prudent exercise of discretion  The Responsible Officer shall have no obligation or liability to beneficiaries in connection with such investments in the event of any unforeseeable insolvency of any financial institution where such funds are held.

21.     Requisite Authority.  By reason of entry of this Order, prior to, on or after the Effective Date (as appropriate), all matters provided for under the Plan that would otherwise require approval of the owners, stockholders, shareholders, members, directors, managers, or partners of the Debtor under the Plan, including, without limitation, (i) the distribution of Cash pursuant to the Plan, (ii) the adoption, execution, delivery, and implementation of all contracts, leases, instruments, releases, and other agreements or documents related to the Plan, and (iii) the adoption, execution, and implementation of other matters provided for under the Plan involving the company or organizational structure of the Debtor, shall be deemed to have occurred and shall be in effect prior to, on or after the Effective Date (as appropriate), pursuant to the applicable general corporation, limited liability, or partnership law of the state in which the Debtor is chartered, organized or incorporated, without any requirement of further action by the owners, stockholders, shareholders, members, directors, managers, or partners of the Debtor.

22.     Retention of Jurisdiction.  Notwithstanding the entry of this Confirmation Order and the occurrence of the Effective Date, this Bankruptcy Court shall retain and have exclusive jurisdiction after the Effective Date over any matter arising under the Bankruptcy Code, arising in or relating to the Chapter 11 Case or the Plan, including, without limitation, all

categories specifically set forth in Article XII of the Plan (which provisions are incorporated herein by reference), in each case to the greatest extent permitted by applicable law.

23.     United States Trustee Fees. All outstanding amounts due under 28 U.S.C. § 1930 that have not been paid shall be paid by the Debtor.

24.     Limitation of Liability, Stipulation Releases, Injunction and Post-Confirmation Liability of the Liquidating Debtor. The Limitation on Liability (Article VII.A), Injunction (Article VII.B), and Releases (Article VII.C).

a.     Limitation on Liability. Except as expressly set forth in the Plan, on and after the Confirmation Date, neither the Debtor, nor its successors or assigns, including the Liquidating Debtor, nor any of their respective past and present officers, directors, employees, members, agents, representatives, shareholders, attorneys, accountants, financial advisors, investment bankers, lenders, consultants, experts, and Professionals, and agents for the foregoing, shall have or incur any liability for, and are expressly exculpated and released from, any claim (as defined in section 101(5) of the Bankruptcy Code) or any past or present actions taken or omitted to be taken under or in connection with, related to, effecting, or arising out of the following: (i) the Debtor's and/or the Liquidating Debtor's operations after the Petition Date; (ii) this Chapter 11 Case; (iii) the postpetition administration of the Debtor's Assets; (iv) the pursuit of Confirmation; (v) the formulation, preparation, dissemination, implementation, administration, Confirmation, or Consummation of the Plan and the Disclosure Statement; (vi) the sale and liquidation of the Assets (including the prosecution of Causes of Action), or the property to be distributed under the Plan; (vii) any other act taken or omitted to be

taken in connection with the Debtor's business after the Petition Date; or (viii) any contract, instrument, release, or other agreement entered into or created in connection with the foregoing; except only for actions or omissions to act to the extent determined by a court of competent jurisdiction (in a Final Order) to be by reason of such party's gross negligence, willful misconduct, or fraud, and in all respects, such party shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan; it being expressly understood that any act or omission with the approval of the Bankruptcy Court will be conclusively deemed not to constitute gross negligence, willful misconduct, or fraud unless the approval of the Bankruptcy Court was obtained by fraud or misrepresentation.

b.    <u>Injunction</u>. Except as otherwise expressly provided in the Plan, all Entities that have held, hold or may hold Claims against or Equity Interests in the Debtor, or the Liquidating Debtor, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against the Debtor, its Estate, the Liquidating Debtor, the Professionals, or any of their property on account of any Claims or causes of action arising from events prior to the Effective Date, including, without limitation: (i) commencing or continuing in any manner any action or other proceeding of any kind; (ii) enforcing, attaching, collecting or recovering by any manner or in any place or means any judgment, award, decree or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind; and (iv) asserting any right of setoff against any obligation, debt or liability due to the Debtor. Except as expressly provided in the Plan or this Order, the Debtor and the Liquidating Debtor expressly reserve all rights and defenses

that the Debtor may have (including, without limitation, the rights of subrogation and recoupment) with respect to any obligation, debt or liability allegedly due to any Entity.

By accepting Distributions pursuant to the Plan, each Holder of an Allowed Claim receiving Distributions pursuant to the Plan will be deemed to have specifically consented to the injunctions set forth herein.

c.    Releases.  Each person or entity voting to accept the Plan, for itself and its respective successors, assigns, transferees, officers and directors, agents, members, financial advisors, attorneys, employees, partners, affiliates, representatives, in each case in their capacity as such, shall, by virtue of its vote, be deemed to have released any and all claims and causes of action against the Debtor or the Liquidating Debtor, and their respective officers and directors acting in such capacities as of the Petition Date, managers, employees, agents, advisors, accountants, attorneys and representatives, and their respective property, arising prior to the Effective Date.

Each party to which this section of the Plan applies shall be deemed to have granted the releases set forth herein, notwithstanding that it may hereafter discover facts in addition to, or different from, those which it now knows or believes to be true, and without regard to the subsequent discovery or existence of such different or additional facts, and such party expressly waives any and all rights that it may have under any statute or common law principle, including section 1542 of the California Civil Code, which would limit the effect of such releases to those Claims or causes of action actually known or suspected to exist at the time of Confirmation.  Section 1542 of the California Civil Code generally provides as follows:  "A general release does not extend to claims which the

creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

        d.    <u>Post-Confirmation Liability of Responsible Officer.</u>  The Responsible Officer and any of his agents, employees, advisors, attorneys or consultants (collectively, the "Indemnified Parties") shall not be liable for any and all liabilities, losses, damages, claims, causes of action, costs and expenses, including but not limited to attorneys' fees arising out of or due to their actions or omissions, or consequences of such actions or omissions, to the Holders of Claims or Equity Interests for any action or inaction taken in good faith in connection with the performance or discharge of his or her duties under the Plan, except the Indemnified Parties will be liable for actions or inactions that are grossly negligent, fraudulent, or which constitute willful misconduct (in each case, liability shall be subject to determination by final order of a court of competent jurisdiction). However, any act or omission taken with the approval of the Bankruptcy Court, and not inconsistent therewith, will be conclusively deemed not to constitute gross negligence, fraud or willful misconduct. In addition, the Responsible Officer and the Estate shall, to the fullest extent permitted by the laws of the State of Delaware, indemnify and hold harmless the Indemnified Parties from and against and with respect to any and all liabilities, losses, damages, claims, costs and expenses, including but not limited to attorneys' fees arising out of or due to their actions or omissions, or consequences of such actions or omissions, with respect to the Debtor and the Estate or the implementation or administration of the Plan if the Indemnified Party acted in good faith and in a manner

reasonably believed to be in or not opposed to the best interest of the Debtor and the Estate. To the extent the Debtor indemnifies and holds harmless the Indemnified Parties as provided above, the legal fees and related costs incurred by counsel to the Responsible Officer in monitoring and participating in the defense of such claims giving rise to the right of indemnification shall be paid as Plan expenses. All rights of the Persons exculpated and indemnified pursuant hereto shall survive confirmation of the Plan.

25. <u>Amendments to Plan</u>. The Debtor is, subject to further order of the Court, authorized to amend or modify the Plan at any time prior to the Effective Date, but only in accordance with section 1127(b) of the Bankruptcy Code.

26. <u>Effective Date</u>. The Effective Date of the Plan shall occur on the date selected by the Debtor which is a Business Day after the Confirmation Date on which: (a) no stay of the Confirmation Order is in effect, and (b) all conditions specified in Article XI of the Plan have been satisfied, unless waived by the Debtor, in writing. The rights, claims and interests of the Debtor and Creditors in connection with this Chapter 11 Case shall be unaffected by this Order or the Plan until the Effective Date. Although the entry of this Confirmation Order shall constitute the appointment of the Responsible Officer by the Bankruptcy Court as a representative of the Estate by its terms, the Responsible Officer shall not succeed to the Debtor's and the Estate's interests under the terms of the Plan until the Effective Date. Further, without limitation, the Debtor, after Confirmation, but prior to the Effective Date, on behalf of itself and the Estate, remains fully empowered to assert and prosecute Litigation claims and causes of action, including, without limitation, claims and causes of action under chapter 5 of the Bankruptcy Code.

27.     Administrative Claims Bar Date.  The Administrative Claims Bar Date

shall be the date that is thirty (30) days after the Effective Date, which shall be the last date by

which a Claimant may file a request for payment of any Administrative Claim that arose between

October 15, 2008 and the Effective Date.  Notice of the Administrative Claims Bar Date shall be

sent to all Creditors that received the Solicitation Package.  Any Administrative Claim arising

between October 15, 2008 and the Effective Date which is not filed by the Administrative

Claims Bar Date shall be forever barred.  Any Claimant who, prior to the date of the

Confirmation Hearing, filed a proof of claim using the Official Form for a proof of claim

asserting both a prepetition claim and an Administrative Claim and who has not previously been

paid on account of such Claim must file with the Court and serve upon the Debtor a request for

payment of Administrative Claim by the Administrative Claims Bar Date or the Administrative

Claim asserted in such proof of claim shall be disallowed and forever barred.

28.     Reduction of Stay Period.  Pursuant to Bankruptcy Rule 3020(e), the

automatic 10-day stay of the effectiveness of this Order is eliminated.  This Order is effective

immediately upon entry.

29.     Notice of Entry of Confirmation Order.  As soon as practicable after the

Effective Date, the Debtor shall mail notice of the entry of this Order and of the occurrence of

the Effective Date to all Creditors that received the Solicitation Package, all Professionals

retained in this case, and any known party affected by the rejection of executory contracts and

unexpired leases addressed herein who had not previously had their executory contract and

unexpired lease rejected by the Debtor.  The notice shall set forth the Administrative Claims Bar

Date, the deadlines for filing Professional Fee Claims and claims for rejection damages, identify

the date that is the Effective Date, and provide such other information as may be appropriate to implement the Plan, and such notice shall constitute adequate and sufficient notice of the Post-Confirmation filing deadlines set forth herein.

30. <u>Immediate Effectiveness; Successors and Assigns</u>. Immediately upon the entry of this Order, the terms of the Plan, all exhibits thereto and all other relevant and necessary documents, shall be, and hereby are, deemed effective and binding upon the Debtor, any and all Holders of Claims or Equity Interests, and any other interested parties and all respective heirs, executors, administrators, successors or assigns, if any, of any of the foregoing parties.

31. <u>Existing Injunctions and Stays Remain in Effect Until Effective Date</u>. Unless otherwise provided, all injunctions or stays provided for in the Chapter 11 Case pursuant to sections 105, 362 or 525 of the Bankruptcy Code, or otherwise, and in existence on the date of this Order, shall remain in full force and effect until the Effective Date. This Order will permanently enjoin the commencement or prosecution by any Entity, whether directly, derivatively or otherwise, of any Claims, Equity Interests, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities released pursuant to the Plan, except to the extent provided in the Plan or this Order.

Dated: May 12, 2009

The Honorable Kevin J. Carey
United States Bankruptcy Judge